In a proceeding, in effect, pursuant to CFLR article 78 to vacate the sale of a parcel of unimproved realty at public auction by the County of Suffolk to Barbara Bowins on May 23, 2001, the County of Suffolk appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated May 29, 2002, which, in effect, granted the petition to the extent of determining that the sale violated Suffolk County Local Law No. 12-2000 and remanding the matter to the Suffolk County Legislature for further action, and the petitioner cross-appeals from stated portions of the same judgment.
Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In November 2000 the petitioner, Craig L. Elgut, a resident of Christian Avenue in Stony Brook, learned that the County of Suffolk was planning to sell a parcel of substandard land adjacent to his property at a public auction. Shortly before the November 15, 2000, auction, an addendum was added to the auction brochure which described the various properties for sale. The addendum consisted of a “planning restrictive covenant” that noted that the parcels “are substandard and cannot be independently developed” and were offered for sale with a restrictive covenant to that effect.
The auction was held, but neither the petitioner nor anyone else bid on the subject parcel. The petitioner asserts that the planning restrictive covenant obviated his concern that the property might be developed and therefore negated his need to acquire the premises.
The County relisted the parcel for sale, without the aforemen *513 tioned condition, and at an auction on May 23, 2001, Barbara Bowins purchased the property. Bowins subsequently applied to the Town of Brookhaven’s Board of Zoning Appeals for several area variances in order to develop the site, prompting the petitioner to file this proceeding to vacate the conveyance or, in the alternative, to compel inclusion of the restriction as a condition of the sale. The petitioner alleges that the sale of the premises without the planning restrictive covenant and prior notice to him violated Suffolk County Local Law No. 12 of 2000 (see Suffolk County Code ch 141), which mandates, inter alia, that whenever the County “formally agrees and commits to a change in the physical use of vacant county-owned property by construction or improvement, the pertinent county department, office or agency having jurisdiction over implementation of the change in the physical use of such property shall provide adequate public and written notice to all property owners located within 200 feet of the proposed change in use” (Suffolk County Code § 141-2 [A]).
After a hearing, the Supreme Court found, inter alia, that the County failed to provide the petitioner with adequate notice of the May 23, 2001, sale in accordance with Suffolk County Code § 141-2 (A), and remanded the matter to the Suffolk County Legislature for further action.
A court’s function in interpreting a statute is to “attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Matter of 1605 Book Ctr. v Tax Appeals Tribunal of State of N.Y., 83 NY2d 240, 244 [1994], cert denied 513 US 811 [1994] [internal quotation marks omitted]; Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675 [1988]; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976]). The planning restrictive covenant simply reiterated that the parcels for sale were “substandard” and, under existing law, could “not be independently developed” without a variance. It did not constitute “a change in the physical use of vacant county-owned property by construction or improvement” (Suffolk County Code § 141-2 [A]), but was merely a condition of the November 15, 2000, auction.
In any event, since the premises were not purchased on November 15, 2000, a contract with that proposed, albeit superfluous, condition was never effectuated. Suffolk County Local Law No. 12 of 2000 was therefore not implicated and the County’s determination to relist the property for sale on May 23, 2001, without that language or notice to the petitioner was *514 neither arbitrary nor capricious. Accordingly, we reverse the judgment and dismiss the proceeding. Altman, J.E, Goldstein, Adams and Mastro, JJ., concur.